HAMILTON, BROWN & CO. v. EAST TEXAS FIRE INSURANCE CO. ET AL.

(No. 2578, Op. Book No. 4, p. —.)

APPEAL from Dallas County.    Opinion by HURT, J.

**§ 448.** *Assignment of fire insurance policies for the benefit of creditors; garnishment.* Kelley, having had his business house in the town of Ferris destroyed by fire, assigned to Orr & Lindsley, of St. Louis, two fire insurance policies which he held upon his stock of goods, one executed by the East Texas Fire Insurance Co. for $1,250, and one in the Hamburg-Bremen Fire Insurance Co. for $1,000. These policies were assigned to Orr & Lindsley on the 14th day of January, 1881, and by terms of the assignment Orr & Lindsley were to pay themselves out of the proceeds collected on the policies a debt due them from Kelley of $596.70, and also to pay the debts due from Kelley to other creditors upon drafts to be drawn by him. The policy of the East Texas Fire Insurance Company was adjusted at $1,000, so that Orr & Lindsley, in fact, could collect on the two policies only the sum of $2,000. Against this sum Kelley drew orders, which were accepted by them, in favor of Martin & Co. for $585, Rainwater, Booger & Co. $200, T. L. Marsalis $672. These amounts, together with what Kelley owed them ($596.70), aggregated more than the $2,000 to be collected upon the policies. Besides these debts, Kelley owed appellants, Hamilton, Brown & Co., $341.40, to recover which they brought suit, and on the 16th of April, 1881, garnished the East Texas Fire Insurance Co. The garnishees set up in their answer the facts above stated with regard to the assignment, and alleged that they knew of no person indebted to Kelley, or having in hands any of his effects. This answer was controverted by Brown & Co., and they made Orr & Lindsley parties. Orr & Lindsley also set out the facts, and they prayed judgment. T. L. Marsalis, one of the preferred creditors,

filed a plea in intervention, asserting his rights under the assignment, which plea was generally and specially excepted to by Brown & Co.

The main issues tendered by Brown & Co. on the trial were that Kelley was insolvent; that the sum of $2,000, adjusted and payable under the policies, constituted all the available property of Kelley, and that, because the assignment failed to provide equally for the claims of all creditors, and because it was not in the terms of the law, it was fraudulent, inoperative and void; and that, if Orr & Lindsley agreed to pay any debt from Kelley to Marsalis, the agreement was verbal, without consideration and void.

The court overruled the exceptions of plaintiffs to the plea of intervention of Marsalis, and rendered a judgment sustaining the validity of the assignment, and ordered Orr & Lindsley "to proceed with the execution of the trust conferred on them by Kelley," the judgment being in accordance with the assignment.

Did the court err in overruling the plaintiffs' exceptions to the plea of intervention? There was no necessity for the intervention by Marsalis. The company could have protected his rights, but he was not required to depend alone upon its care and protection; he had the right to intervene in this suit, and assert and defend his interests himself. Marsalis relies upon the same matter in his plea interposed by the company, that is, the assignment to Orr & Lindsley. If this assignment be void, not only the plea of intervention, but the finding and judgment of the court thereon, are all wrong, and this judgment must be reversed. Hence the solution of the question of the sufficiency of this assignment settles all other questions presented in this record.

§ 449. *Validity of assignment not made under or by virtue of act of March, 1879, Appendix Rev. Stats., p. 5.* Appellant insists that the assignment is void, because not made in compliance with the act of 1879, known as the assignment law. We do not understand that this

assignment was made, or attempted to be made, under or by virtue of the act of March 24, 1879. The validity of the assignment must be tested by article 2465, Rev. Stats., which has not been repealed by act of March, 1879. [La Belle Wagon Works v. Ludbill, Van Sant & Co. et al., decided by supreme court at present Austin term, 1883.] Testing this assignment by the statute of this state upon this question, and not by the act of March, 1879, we must hold the plea of intervention good. Not only so, but the findings and judgment of the court below thereon are also correct under the facts of this case. There was not a fact adduced on the trial tending to establish fraud in this matter. Kelley had the right, though in failing circumstances, to prefer these creditors. This he did openly and in good faith.

June 3, 1883.        Affirmed.